THE LANE LAW FIRM, PLLC
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
PROPOSED COUNSEL FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RAKKI LLC, | § | |
| | § | Case No. 22-42669 (ELM) |
| Debtor (filed 11/4/2022). | § | |
| | § | |
| Employer's Tax Identification No.: 92-0955499 | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| KYODAI FTW, LLC, | § | Case No. 22-42914 (ELM) |
| | § | |
| Debtor. | § | |
| | § | |
| Employer's Tax Indemnification No.: 87-1020872 | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| KYODAI HANDROLL & SEAFOOD BAR, LLC, | § | Case No. 22-42915 (ELM) |
| | § | |
| Debtor. | § | |
| | § | |
| Employer's Tax Identification No.: 85-3808518 | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| KYODAI SUSHI & HANDROLL BAR, LLC, | § | Case No. 22-42916 (ELM) |
| | § | |
| Debtor. | § | |
| | § | |
| Employer's Tax Identification No.: 84-4700390 | § | |

1

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION OR REQUEST FOR HEARING IS FILED WITH THE UNITED STATES BANKRUPTCY CLERK, 501 W. 10TH STREET, ROOM 147, FORT WORTH, TEXAS 76102-3643, WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF THE FILING OF THIS MOTION, UNLESS THE COURT, SUA SPONTE, OR UPON TIMELY APPLICATION OF A PARTY IN INTEREEST, SHORTENS OR EXTENS THE TIME FOR FILING SUCH OBJECTION OR REQUEST FOR HEARING.**

**IF NO OBJECTION OR REQUEST FOR HEARING IS TIMELY FILED, THE MOTION SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. THE COURT RESERVES THE RIGHT TO SET ANY MATTER FOR HEARING.**

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 SUB V CASES

The above-captioned debtors (collectively, the "Debtors"), by and through their proposed counsel, The Lane Law Firm, PLLC (US), hereby submit this motion (the "Motion") for entry of an order, along with the Declaration attached to the Emergency Motion filed contemporaneously with this motion, and substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), directing the procedural consolidation and joint administration of the Debtors' Chapter 11 Sub V cases and further respectfully state as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over these cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 105, 342(c), 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1015-1 and 9013-1 of the

Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

## BACKGROUND

4. On November 4, 2022, Rakki LLC filed an emergency Chapter 11 Sub V petition as the parent company for each of the other Debtors who filed with this Court a voluntary petition for relief under Chapter 11 Sub V of the Bankruptcy Code on December 2, 2022.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' chapter 11 cases. The Rakki LLC (Parent Company) (BK Case No. 22-42669; NDTX) currently has a 341 Meeting set for December 21, 2022. No date has been set for a meeting pursuant to section 341 of the Bankruptcy Code.

6. Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the attached Declaration of Viet Nguyen as Exhibit "A", which is fully incorporated in this Motion by reference.

## RELIEF REQUESTED

7. By this Motion, the Debtors respectfully request entry of an order directing the consolidation and joint administration of these Chapter 11 Sub V cases for procedural purposes only.

8. For the reasons set forth herein, the Debtors submit that the relief requested in this Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and therefore respectfully request that such relief be granted.

## BASIS FOR RELIEF

9. Bankruptcy Rule 1015(b) provides that "if a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint

administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate," in pertinent parts, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

10. Further, Local Rule 1015-1 states, in relevant part:

> When a case is filed for or against a debtor related to a debtor with a case pending in the Bankruptcy Court, a party in interest may file a motion for joint administration in each case.

Local Rule 1015-1.

11. As disclosed in the Declaration of Viet Nguyen, Debtor Rakki LLC directly or indirectly owns or controls 100% of the voting securities and/or membership interests (as applicable) of each of the other Debtor entities. As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to jointly administer these cases for procedural purposes under Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect several or all of the Debtors. The failure to jointly administer these four cases—each with its own case docket—would result in numerous duplicative filings for each issue. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee") and other parties in interest will

similarly benefit from joint administration, sparing them the time and effort of reviewing duplicative pleadings and papers.

12. Joint administration will also save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to: (a) use a single caption on the numerous documents that will be served and filed in these chapter 11 cases; (b) file the pleadings in one case rather than in multiple cases; and (c) refer to one case docket in order to review all pleadings filed in these chapter 11 cases. Further, joint administration will protect parties in interest by ensuring that parties in the Debtors' respective cases will be apprised of the various matters before the Court in these chapter 11 cases.

13. The rights of the Debtors' creditors will not be adversely affected by joint administration of these chapter 11 cases because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation. Creditors and other parties in interest will maintain their rights against each of the respective estates, as applicable. Furthermore, because these chapter 11 cases involve numerous creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court; (b) render the completion of various administrative tasks less costly; and (c) minimize the number of unnecessary delays associated with the administration of multiple separate chapter 11 cases.

14. A proposed consolidated caption for all notices, applications, motions and other pleadings is annexed hereto as **Exhibit "1"** to the Proposed Order (the "Proposed Caption"). Under section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The Proposed Caption contains all of the required information, and therefore, the Debtors request that the Court find that the Proposed Caption satisfies the requirements of section 342(c) of the Bankruptcy Code.

15. The Debtors further submit that use of the Proposed Caption will eliminate cumbersome and confusing procedures and help ensure a uniformity of pleading identification. Additionally, case-

specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest, and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to chapter 11 cases. Therefore, the Debtors submit that the policies behind the requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

16. The Debtors further request that an entry be made on the docket in the chapter 11 case of each other Debtor entity (other than Rakki LLC) substantially as follows:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas directing joint administration of the following Chapter 11 Sub V cases for procedural purposes only: Rakki LLC, Case No. 22-42669 (ELM); Kyodai FTW, LLC, Case. No. 22-42914 (ELM); Kyodai Handroll & Seafood Bar, LLC, Case No. 22-42915 (ELM); Kyodai Sushi & Handroll Bar, LLC, Case. No. 22-42916 (ELM); The docket in Case No. 22-42669 (ELM) should be consulted for all matters affecting this case.

17. In furtherance of such joint administration, the Debtors seek authority to file their monthly operating reports required by the *Guidelines for Chapter 11 Cases for the Northern & Eastern Districts of Texas* on a consolidated basis.

18. Joint administration is generally noncontroversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Tuesday Morning Corp.*, Case No. 20-31476 [Docket No. 66] (Bankr. N.D. Tex. May 28, 2020) (order directing joint administration of chapter 11 cases); *In re PHI, Inc.*, Case No. 19-30923 [Docket No. 57] (Bankr. N.D. Tex. Mar. 19, 2019) (same); *In re Senior Care Ctrs. LLC*, Case No. 18-33967 [Docket No. 65] (Bankr. N.D. Tex. Dec. 7, 2018) (same); *In re Taco Bueno Restaurants, Inc.*, Case No. 18-33678 [Docket No. 39] (Bankr. N.D. Tex. Nov. 7, 2018) (same); *In re 4 West Holdings, Inc.*, Case No. 18-30777 [Docket No. 52] (Bankr. N.D. Tex. March 9, 2018) (same).

19. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, and in the best interests of the Debtors, their estates, creditors and other parties in interest and,

therefore, should be granted. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

20. Notice of this Motion shall be provided to: (a) the U.S. Trustee and SubChapter V Trustee (b) the Offices of the Attorney General; (c) the United States Attorney's Office for the Northern District of Texas; (d) the Debtors' twenty largest unsecured creditors on a consolidated basis; (e) the Internal Revenue Service; (f) and any party that has requested notice pursuant to Bankruptcy Rule 2002 in any of the above mentioned bankruptcy cases; and (h) any other party in interest entitled to notice of this Motion. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

**WHEREFORE,** the Debtors respectfully request that the Court (i) enter an order, substantially in the form of the Proposed Order, granting the relief requested in this Motion and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: December 2, 2022

THE LANE LAW FIRM, PLLC

*/s/Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No 24091592
Joshua.gordon@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
PROPOSED COUNSEL FOR DEBTORS

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the Motion to Jointly Administer was served upon the US Trustee and to the parties listed on the service list below and the attached mailing matrix either via e-mail, electronic notice by the court's ECF noticing system, or by United States first class mail, postage prepaid, on December 2, 2022:

<u>Debtors (Requested Joint Administration):</u>
RAKKI LLC (BK Case No. 22-42669)
KYODAI FTW, LLC (BK Case No. 42914)
KYODAI HANDROLL & SEAFOOD BAR, LLC (BK Case No. 22-42915)
KYODAI SUSHI & HANDROLL BAR, LLC (BK Case No. 22-42916)
1204 Thrasher Drive
Little Elm, TX 75068

<u>US Trustee:</u>
Office of the U.S. Trustee:
1100 Commerce Street
Room 976
Dallas, TX 75242
ustpregion06.da.ecf@usdoj.gov

<u>Parties Requesting Notice</u>
Anthony F. Giuliano on behalf of Creditor Quicksilver Capital
afg@glpcny.com

Matthew Joseph Lee on behalf of Creditor Torro LLC
mjl@replevin.com, ecf@writofseizure.com

Paul M. Lopez on behalf of Creditor COLLIN COUNTY TAX ASSESSOR-COLLECTOR
bankruptcy@abernathy-law.com

Linda D. Reece on behalf of Creditor Frisco ISD
lreece@pbfcm.com, lreece@ecf.courtdrive.com

Frances Anne Smith on behalf of Trustee Frances A. Smith (SBRA V)
frances.smith@judithwross.com, michael.coulombe@judithwross.com

Frances A. Smith (SBRA V)
frances.smith@judithwross.com

John Kendrick Turner on behalf of Creditor City of Frisco
john.turner@lgbs.com, Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John Kendrick Turner on behalf of Creditor Northwest ISD
john.turner@lgbs.com, Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John Kendrick Turner on behalf of Creditor Tarrant County
john.turner@lgbs.com, Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

                     */s/ Robert "Chip" Lane*
                     Robert "Chip" Lane

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0539-4<br>Case 22-42669-elm11<br>Northern District of Texas<br>Ft. Worth<br>Fri Dec  2 15:20:47 CST 2022 | COLLIN COUNTY TAX ASSESSOR-COLLECTOR<br>Abernathy, Roeder, Boyd & Hullett, P.C<br>1700 Redbud Blvd., Suite 300<br>McKinney, TX 75069-3276 | City of Frisco<br>Linebarger, Goggan, Blair & Sampson, LLP<br>c/o John K. Turner<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, TX 75207-2328 |
| Frisco ISD<br>c/o Perdue Brandon Fielder et al<br>1919 S. Shiloh Road, Suite 640, LB 40<br>Garland, TX 75042-8234 | Northwest ISD<br>Linebarger, Goggan, Blair & Sampson, LLP<br>c/o John K. Turner<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, TX 75207-2328 | Quicksilver Capital<br>c/o Giuliano Law PC<br>Anthony Giuliano, Esq.<br>445 Broadhollow Rd.<br>Suite 25<br>Melville, NY 11747-3645 |
| RAKKI LLC<br>1204 Thrasher Drive<br>Little Elm, TX 75068-1812 | Tarrant County<br>Linebarger, Goggan, Blair & Sampson, LLP<br>c/o John K. Turner<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, TX 75207-2328 | Torro LLC<br>c/o Wright Law Group PLLC<br>P.O. Box 105603<br>PMB 84356<br>Atlanta, GA 30348-5603 |
| U.S. Attorney<br>1100 Commerce, 3rd Floor<br>Dallas, TX 75242-1074 | U.S. Attorney General<br>Department of Justice<br>Washington, DC 20001 | 501 W. Tenth Street<br>Fort Worth, TX 76102-3637 |
| Bridge Funding Cap<br>450 Lexington Ave 4th Fl<br>New York, NY 10017-3912 | Business Backer<br>10856 Reed Hartman Hwy<br>Cincinnati, OH 45242-0209 | COLLIN COUNTY TAX ASSESSOR/COLLECTOR<br>Abernathy, Roeder, Boyd & Hullett, P.C.<br>1700 Redbud Blvd., Suite 300<br>McKinney, Texas 75069-3276 |
| Eleven Capital<br>666 West End Ave 15FG<br>New York, NY 10025-1451 | Everest Business Funding<br>5 West 37th St 2nd Floor<br>New York, NY 10018-5385 | Family Business Fund<br>101 Plaza Real 216<br>Boca Raton, FL 33432-4856 |
| Finova Capital<br>365 W. Passaic Ave<br>Rochelle Park, NJ 07662-3017 | Forward Financing LLC<br>100 Summer Street Suite 1175<br>Boston, MA 02110-2106 | Frisco Independent School District<br>1919 S. Shiloh Road 640, LB 40<br>Garland, TX 75042-8234 |
| GLO Consulting Enterprises<br>16 Driggs Street<br>Staten Island, NY 10308-3234 | (p)HEADWAY CAPITAL<br>175 W JACKSON BLVD SUITE 1000<br>CHICAGO IL 60604-2863 | KYODAI FTW LLC<br>2825 Heritage Trace Parkway<br>Fort Worth, TX 76177-7559 |
| KYODAI HANDROLL & SEAFOOD BAR LLC<br>2626 N Josey Ln 107<br>Carrollton, TX 75007-5539 | KYODAI SUSHI & HANDROLL BAR, LLC<br>16100 Highway 121<br>Frisco, TX 75035-4683 | KYODAI SUSHI & HANDROLL BAR, LLC<br>420 Revolution Ln<br>Arlington, TX 76002-2875 |
| Kalamata Capital LLC<br>80 Broad St Suite 1210<br>New York, NY 10004-2800 | Kalamata Capital LLC<br>East Tower, Suite 550<br>7315 Wisconsin Avenue<br>Bethesda, MD 20814-3202 | LifeTime Funding<br>585 Stewart Ave Suite L90<br>Garden City, NY 11530-4750 |

```
Liquidbee 1 LLC                    Liquidbee LLC                      MR Advance
295 Madison Ave, FL 22             295 Madison Ave, FL 22             3512 19th Avenue
New York, NY 10017-6356            New York, NY 10017-6356            Astoria, NY 11105-1001


Masada Funding                     NewCo Capital Group                On Deck
1811 Silverside Road               25 Robert Pitt Dr 204              1400 Broadway
Wilmington, DE 19810-4345          Monsey, NY 10952-3366              25th Floor
                                                                      New York, NY 10018-5225


Pearl Delta Funding, LLC           Quicksilver Capital, LLC           Speedy Funding
525 Washington Blvd. 22nd Floor    181 S. Franklin Ave 300            163 Carrier St
Jersey City, NJ 07310-2606         Valley Stream, NY 11581-1101       Liberty, NY 12754-2124


Spring Funding                     Standridge Companies               The Lane Law Firm
101 Chase Ave                      15640 Quorum Drive                 6200 Savoy Dr Ste 1150
Lakewood, NJ 08701-4760            Addison, TX 75001-3338             Houston, TX 77036-3369


Torro, LLC                         United States Trustee              Victory Real Estate Group
5965 South 900 East Suite 300      1100 Commerce Street               2911 Turtle Creek Blvd 700
Salt Lake City, UT 84121-1861      Room 976                           Dallas, TX 75219-7120
                                   Dallas, TX 75242-0996


Viet Nguyen                        Weitzman David Palmer              Frances A. Smith (SBRA V)
1204 Thrasher Drive                3102 MAPLE AVE SUITE 500           Ross & Smith, PC
Little Elm, TX 75068-1812          Dallas, TX 75201-1262              700 N Pearl St, Suite 1610
                                                                      Dallas, TX 75201-7459


Robert Lane
The Lane Law Firm
6200 Savoy, Suite 1150
Houston, TX 77036-3369
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Headway Capital
175 W Jackson Blvd 1000
Chicago, IL 60604
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)City of Frisco                         (d)Frisco ISD                                (u)MCA
Linebarger, Goggan, Blair & Sampson, LLP  c/o Perdue Brandon Fielder et al
c/o John K. Turner                        1919 S. Shiloh Road, Suite 640, LB 40
2777 N. Stemmons Freeway                  Garland, TX 75042-8234
Suite 1000
Dallas, TX 75207-2328


(d)Northwest ISD                          (d)RAKKI LLC                                 (d)Tarrant County
Linebarger, Goggan, Blair & Sampson, LLP  1204 Thrasher Drive                          Linebarger, Goggan, Blair & Sampson, LLP
c/o John K. Turner                        Little Elm, TX 75068-1812                    c/o John K. Turner
2777 N. Stemmons Freeway                                                               2777 N. Stemmons Freeway
Suite 1000                                                                             Suite 1000
Dallas, TX 75207-2328                                                                  Dallas, TX 75207-2328


End of Label Matrix
Mailable recipients    48
Bypassed recipients     6
Total                  54
```